UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES** | : |
| v. | : NO. 3:01cv1881 (JBA) |
| **LORNA SMITH** | : |

### ENDORSEMENT ORDER [DOCS. # 36, #37]

On December 11, 2003, defendant's counsel, Richard Cramer, moved to withdraw his appearance on behalf of defendant Lorna Smith due to a "total breakdown of communications" [doc. #30]. Subsequently, on December 19, 2003, a Notice to Defendant [doc. #31] issued, advising defendant, in part, that failure to retain substitute counsel or file a pro se appearance in accordance with D. Conn. L. Civ. R. 7(e) on or before January 8, 2004, would result in the granting of Attorney Cramer's Motion to Withdraw. On April 2, 2004, Attorney Cramer's Motion to Withdraw was granted [doc. #32] absent any response from plaintiff or substitute counsel. Defendant has failed to file her pro se appearance and instead on July 22, 2004, filed a Motion for Appointment of Counsel [doc. #37].

A motion for appointment of counsel should only be granted pursuant to the statutory authorization found in 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel") where "'the indigent's position is likely to be of substance,' [and] if the claim meets this

threshold requirement, the court should then consider ... [the party's] ability to obtain representation independently, and [her] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989) (quoting Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986)). The Second Circuit provided district courts with a stern warning in Cooper against granting appointment of counsel in unwarranted situations, stressing in exhaustive discussion the scarcity and extremely valuable nature of pro bono resources as well as the public interest in having meaningful and meritorious distribution of the resource, see id. at 171-74. The Second Circuit emphasized that first Hodge factor--a claim likely to be of substance--is the first step of the analysis. Id. While the showing need not be adequate to survive a dispositive motion, see Hendricks v. Coughlin, 114 F.3d 390 (2d Cir. 1997), the pro se litigant's position must show "some chance of success." Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 204 (2d Cir. 2003) (quotation omitted).

   The Court is sensitive to the fact that "the preliminary assessment of likely merit must be undertaken somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel." Cooper, 877 F.2d at

174. However, the defendant's motion makes no showing at all of meritorious defense and her answer only admits allegations or claims to be without knowledge.

The defendant's motion also makes no adequate showing of unsuccessful efforts to secure attorney representation. In addition, plaintiff references two pending civil actions, but gives no explanation as to how this information supports her claim that she cannot afford counsel. See Hodge, 802 F.2d at 61.

Accordingly, defendant's Motion for Appointment of Counsel [doc. #37] is DENIED.

Plaintiff has moved for default pursuant to D.Conn. L. Civ. 55(a) [doc #33] and Motion for Default Judgment [doc. #34]. Defendant has moved for extension of time to file a response to the motion for default and default judgment [doc. #36], which is GRANTED, to and including 9/15/04. Failure to file a timely response or to timely show good cause why a response cannot be timely filed will result in default being entered and default judgment being entered against defendant.

IT IS SO ORDERED.

   /s/
Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut:    September 3, 2004**