UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL NO. 3:01CV1881(JBA) |
| v. | : | |
| | : | |
| LORNA SMITH a/k/a LORNA WOOLCOCK a/k/a PATRICIA SMITH, d/b/a MATHER'S DELI, | : | |
| | : | |
| Defendant. | : | |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is entered into by and between the United States of America, acting through its Department of Justice, and on behalf of the Office of Inspector General of the United States Department of Agriculture, and Lorna Smith, a/k/a Lorna Woolcock, a/k/a Patricia Smith, d/b/a Mather's Deli (hereinafter "Lorna Smith" or the "Defendant"). The United States and Lorna Smith are hereinafter jointly referred to as "the Parties."

**I.    Preamble**

As a preamble to this Agreement, the Parties agree to the following:

A.      Lorna Smith is a resident of Hartford, Connecticut.

B.      The United States contends that Lorna Smith engaged in federal Food Stamp benefits trafficking in violation of the Food Stamp Act of 1977, 7 U.S.C. §§ 2011-2029, as amended, at Mather's Deli, 206 ½ Mather Street, Hartford, Connecticut, a retail food store owned by the Defendant.

C.    The United States contends that it has civil claims against Lorna Smith under the False Claims Act, 31 U.S.C. §§ 3729 to 3733, other federal statutes and/or common law, for engaging in the conduct described in the preceding paragraph during the period from December 2000 to June 2001, during which time the Defendant was authorized to participate in the federal Food Stamp program as the owner of Mather's Deli.

D.    Lorna Smith admits the contentions of the United States as set forth above in Section I, Paragraphs A, B, and C.

E.    In order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of these claims, the Parties reach a full and final settlement as set forth below.

**II.    Terms and Conditions**

Now, therefore, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

A.    Lorna Smith agrees to pay the United States Twenty Thousand Dollars ($20,000.00) in full settlement of this matter. This sum is the "Settlement Amount." Lorna Smith agrees to pay the Settlement Amount pursuant to the following schedule:

a.    The sum of $10,000.00 will be paid by certified check or money order made payable to the "United States Department of Justice" by January 10, 2005. The certified check or money order shall be mailed or delivered to the United States Attorney's Office, 157 Church Street (23rd Floor), New Haven, CT 06510 (Attention: Financial Litigation Unit); and

b.    The remaining $10,000.00 will be paid by certified checks or money orders made payable to the "United States Department of Justice" in ten (10) installments as follows:

| Installment Amount | Due Date |
|---|---|
| $1,000.00 | February 28, 2005 |
| $1,000.00 | March 31, 2005 |
| $1,000.00 | April 30, 2005 |
| $1,000.00 | May 31, 2005 |
| $1,000.00 | June 30, 2005 |
| $1,000.00 | July 31, 2005 |
| $1,000.00 | August 31, 2005 |
| $1,000.00 | September 30, 2005 |
| $1,000.00 | October 31, 2005 |
| $1,000.00 | November 30, 2005 |

The certified checks or money orders shall be mailed or delivered to the United States Attorney's Office, 157 Church Street (23rd Floor), New Haven, CT 06510 (Attention: Financial Litigation Unit).

2.      If the initial payment of $10,000.00 is not paid within five (5) business days of January 10, 2005, then the Defendant will be deemed to be in default, and the sum of $20,000.00 will immediately become due and payable upon demand. Likewise, if any of the installment payments is not made within ten (10) days of the date on which it is due, then the Defendant will be deemed to be in default, and any balance outstanding will immediately become due and payable upon demand.

III.    **Commitments and Releases**

A.      Upon receipt in full of the amount described above in Section II, the United States will be deemed to have released Lorna Smith from any and all civil or administrative monetary

claims that the United States has under the False Claims Act, and other federal statutes and/or common law for the conduct described above in Section I, Paragraphs B and C.

B.      The United States does not release Lorna Smith from (1) any criminal liability which may arise from the conduct described in Section I, Paragraphs B and C; (2) any criminal, civil, or administrative claims arising under Title 26, United States Code (Internal Revenue Code); and (3) any claims based upon such obligations as are created by this Agreement.

C.      Lorna Smith, for herself, her heirs, and her assigns, releases and is deemed to have released and forever discharged the United States, its agencies, departments, officials, and employees, from any claims arising from or relating to the conduct described above in Section I, Paragraphs B and C.

**IV.    General Terms**

A.      This Agreement is intended to be for the benefit of the Parties to this Agreement only, and by this instrument the Parties do not release any claims against any other person or entity.

B.      The Parties believe that the amount and terms of the settlement reached by the United States and Lorna Smith are fair, adequate, and reasonable under all of the circumstances.

C.      This Agreement shall be binding upon the Parties, their successors, assigns, and heirs.

D.      Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Laws, Title 26 of the United States Code.

E.      The undersigned signatories represent and warrant that they are fully authorized and empowered to execute this Agreement.

F.      Each Party to the Agreement will bear its own legal and other costs incurred in

connection with this matter, including the preparation and performance of this Agreement.

G.       The Parties represent that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

H.       This Agreement is governed by the laws of the United States.  The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement will be the United States District Court for the District of Connecticut.

I.       This Agreement shall become final and binding only upon signing by each respective party hereto, and it may not be changed or modified except in writing signed by the Parties.

J.       The Parties hereby agree to the disclosure of this Agreement.


DEFENDANT
LORNA SMITH

_____          Date: _____
Lorna Smith
(Appearing Pro Se)


PLAINTIFF
UNITED STATES OF AMERICA

_____          Date: _____
William A. Collier, AUSA
United States Attorney's Office
District of Connecticut


        SO ORDERED in New Haven, Connecticut, on this _____ day of _____, 2005.


                                         _____
                                         HONORABLE JANET BOND ARTERTON
                                         UNITED STATES DISTRICT JUDGE